CHRISTENSEN-GARDNER, Inc., et. al. v. RYBERG et al.

No. 6578.   Decided March 30, 1943.   (135 P. 2d 250.)

Rehearing denied May 29, 1943.

*Shirley P. Jones,* of Salt Lake City, for appellants.
*Dey, Hoppaugh, Mark & Johnson,* of Salt Lake City, for respondents.

WOLFE, Chief Justice.

This is a possessory action brought to recover possession of a 10-ton Austin-Western road roller and to recover damages for its detention. The undisputed facts disclose that plaintiffs, Christensen-Gardner, Inc., and W. W. Gardner, prior to this controversy, owned an undivided one-half interest in the road roller. The other undivided one-half interest was owned by the defendants. In 1936 a contract was executed which was apparently designed to control the use of the roller and other jointly owned equipment. The contract prescribed a rental price to be paid for the use of any of the jointly owned equipment and also provided that either party could purchase any of the said equipment at prices therein agreed upon. By the terms of this agreement the value of the road roller for sale purposes was fixed at $3,500, its rental value by the month at $250 and its rental by the day at $15. The agreement also provided that:

"In the event either firm desires to rent or purchase any of the above equipment at the prices set forth, the first firm notifying the other firm of such desire shall have preference in the rental or sale of said equipment."

This equipment was operated without dispute under the terms of this agreement from 1936 until September 8, 1942, when the present controversy arose. On the latter date defendants served notice on the plaintiffs that defendants desired to use the road roller. The following day plaintiffs

served notice that they desired to purchase the roller and tendered a check for $1,750 to cover defendants' part of the purchase price. Plaintiffs then demanded possession of the road roller on the theory that the tender of payment under the option to purchase gave them the title to the road roller and the absolute right to immediate possession.

While other points are raised, the basic contention of the appellants is that the court erred in holding that the plaintiffs' right to exercise the option to purchase was subject to right of the defendants to use the roller pursuant to their prior notification of a desire to use. Plaintiffs take the position that all rights of the defendants under the prior exercise of the option to rent were cut off by the subsequent election of the plaintiffs to purchase; the argument being that the option to purchase took precedence over the option to rent. On the other hand, the defendants contend that the agreement lays down the rule that priority of notice establishes priority of rights, that it places the right to rent and the right to purchase upon the same footing, and gives neither right a preference as such.

We think the position of the defendants is correct. Evidently this agreement was executed to control the use of this jointly owned equipment including the road roller which, because of its nature, could not be used by both joint owners at the same time. It also gave either joint owner the right to terminate this relationship by the purchase of the other's interest. By the terms of the contract "the first firm notifying the other firm of such desire [to rent or purchase] shall have preference in the rental or sale of said equipment." This language places the right to rent and the right to purchase on equal footing. The sole factor in determining priority of right is priority of notice. Since notice of a desire to use was given prior to the notification by plaintiffs of a desire to purchase, plaintiffs could only purchase subject to the right of the defendants to the use of the roller.

Since the contract provides only that the firm first giving notice of a desire to use shall have a preference in the rental

or sale of the equipment, it is possible that the notice itself is not the rental agreement and that plaintiffs could require defendants to designate the job upon which they intended to use the roller. Also a dispute might subsequently arise as to the rights of the parties to the rental money which defendants are obligated to pay for this use which problem would give rise to the additional question as to whether title passed at the time of tender of payment. But we will not attempt to decide these issues unless and until they arise. The only issue presented by the pleadings involves the right of the plaintiffs to the immediate possession of the roller at the time they commenced this proceeding. The lower court held that they were not entitled to possession and we hereby affirm that decision.

Costs to respondents.

LARSON, McDONOUGH, MOFFAT, and WADE, JJ., concur.